**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1976**

ASFAW HAILEMARIAM LUBIE,

       Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 30, 2010       Decided: April 20, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, YACUB LAW OFFICES, Falls Church, Virginia, for Petitioner. Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Janice K. Redfern, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asfaw Hailemariam Lubie, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Lubie raises several claims in his brief that essentially boil down to a claim that he established before the immigration judge and the Board that his real or imputed political opinion was one central reason that he was terminated from his job at the ETC and was the subject of an arrest warrant. The Immigration and Nationality Act authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006) (emphasis added).

Following the passage of the REAL ID Act, asylum applicants such as Lubie who filed their applications after May 11, 2005, must establish that the protected ground asserted "was or will be at least one central reason for persecuting the

2

applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (2006). Based on our review of the record, we agree that Lubie failed to establish that he was either terminated from his job or subjected to an arrest warrant on account of a protected ground. Instead, the evidence suggests that Lubie was fired and became the subject of possible criminal prosecution because of his involvement in the failed customer care and billing project at the ETC.

Additionally, we uphold the denial of Lubie's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Lubie has failed to raise any challenges to the denial of his request for protection under the Convention Against Torture. He has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

3